MATTER OF YEE

In Visa Petition Proceedings

A-12994664
A-12994665

*Decided by Board January 30, 1964*

Since the burden of proof of establishing eligibility for nonquota status rests upon the petitioner, and since the petitioner has not borne his burden—his identity and claimed relationship to the beneficiaries having been cast in doubt by the established identity of his mother and by the testimony of witnesses in Hong Kong—the visa petition approval is revoked, without prejudice to reopening if petitioner is able to produce further evidence relating to his claimed identity and relationship.

The cases come forward on appeal from the notice of revocation of the District Director, San Francisco District, dated October 29, 1963, revoking the visa petitions in behalf of the son and daughter for the reasons that the American Consulate at Hong Kong has returned the visa petitions with the information that a local investigation concerning the beneficiaries reveals that they are surnamed LOUIE rather than YEE and, therefore, the petitioner failed to establish the relationship claimed; and that the petitioner has also failed to resolve discrepancies developed by the American Consulate in Hong Kong.

The petitioner, born at Wo On Village, Toyshan District, Kwangtung, China on February 9, 1924, claims United States citizenship through parentage and is holder of a certificate of citizenship AA-33814 issued in San Francisco in 1952. He filed a visa petition on September 7, 1962, on behalf of his alleged son, Jerng Wai Yee, and daughter, Chun Har Yee. The beneficiaries were born on December 6, 1951, and April 1, 1949, respectively, at Wo On Li, Toyshan District, Kwangtung, China. The petitions were conditionally approved for nonquota status on October 8, 1962, and forwarded to the American Consulate at Hong Kong.

The visa petitions were accompanied by a letter dated April 17, 1958, relating to the approved visa petition of the petitioner's wife, Ng Ngan Sun, which reflected that the petitioner first arrived in the United States on June 15, 1952, was admitted by a Board of Special Inquiry as a United States citizen and was issued citizenship certificate No. AA–33814 around August 14, 1952. At the time of his first admission to the United States he was 26 years old and stated he was single. When he applied for a certificate of citizenship he also stated that he was single. The petitioner alleged that he made a trip to Hong Kong on April 29, 1957, returning on October 2, 1957, and exhibited United States Passport No. 197665 showing such admission. The petitioner was interviewed on April 15, 1958, and the facts and allegations in his petition and relating files were verified by him. He furnished photographs of himself and the wife-beneficiary of his petition, identifying the latter photograph as a good likeness of his wife, Ng Ngan Sun. He also submitted a certified copy of a Hong Kong marriage certificate certifying to the marriage of himself to the beneficiary. In the interview he stated that he was married on August 31, 1957, and that he first met his wife in the Nathan Coffee Shop in Kowloon after being introduced to her by a friend, Ng Min Poy. He stated that after two months they became engaged and then in about another month they were married; that he then lived with his wife after the marriage. He stated that he thereafter took his wife to the movies; that he bought her a gold ring with a jade setting; and also bought her some clothes including shoes and a wrist watch of Swiss make. He stated that his wife's father is Ng Man Yin and her mother is Lew Shee, both of whom were presently in Hong Kong and that his wife has no brothers or sisters. The petitioner stated that his wife's native village was Tung Gong Village T.S.D., China and that she had lived in Hong Kong for over two years. He stated that he sent her a little less than $1,000 since he returned to the United States and stated that she is not now pregnant. Photographs of the petitioner and the beneficiary and the certificate of marriage certifying to the marriage of Yee Yook Lin and Ng Ngan Sun were presented.

The petitioner was interviewed on October 8, 1962. It was ascertained that the original information regarding his single status was false. Actually, according to the petitioner, he was married by Chinese custom at the Wo On Village, Toishan, China, on December 15, 1945, and remarried, according to western custom at Hong Kong on August 31, 1957. The petitioner's wife was also present at the interview and her file, A–10768805 shows she was admitted into the

United States at Honolulu, Hawaii, via air, on February 12, 1960, under section 101(a)(27)(A) of the Immigration and Nationality Act, as the wife of Yee Yok Lin. In her application for an immigrant visa she listed her husband as Yee Yok Lin but does not show the name of any minor children. She stated at her interview on October 8, 1962, that she did not inform the American Consulate at Hong Kong of her children, Jeing Wai Yee and Chun Har Yee, because it did not seem logical for her to do so inasmuch as she was claiming that she had married for the first time on August 31, 1957. The petitioner and his wife asserted that she and the two beneficiaries went to Hong Kong during the Chinese ninth month of 1954, having traveled from Ai Gong Market where the petitioner's wife and the two children had been living since 1952. It is alleged that she and the children left the Wo On Village about 1952, which was the year that the petitioner entered the United States, for the reason that her mother lived near the Ai Gong Market in the Ung Gong Village and the market was just across the river from the Ung Gong Village. It is again claimed that Ngan Sun Ng, the wife, has no brothers or sisters. The petitioner stated that he has the following brothers and sisters: Yook Jee, two years older than the petitioner living in Colorado; Yook Lim, three years younger than the petitioner, residing in Illinois; Gim Lan, his only sister, two years younger than the petitioner residing in Fresno, California.

A consular report dated March 20, 1963, from the American Consulate at Hong Kong, after reciting the above facts, states that inasmuch as the petitioner's surname and native village did not check with the village index, the consular officer questioned his claimed identity. On February 8, 1963, the case investigator called on the beneficiaries' alleged maternal grandmother, Lau Lai Wah, but found instead at the same address a woman claiming to be the beneficiaries' guardian. She asserted that Lau Lai Wah returned to the Mainland after the beneficiaries' mother left for the United States in 1960. The alleged guardian identified herself as Ng Gim Lui, a fellow tenant of the beneficiaries' family before their mother went to the United States, after which, the witness said she herself took the responsibility of looking after the beneficiaries. The witness disclaimed any relationship to the beneficiaries' family. The witness gave her husband's name as Louie Ying also known as Louie Kun Wai (marriage name), now in the United States. While in the witness' flat, the investigator noticed a certificate from the Ming Sun Primary School, evidently that of the beneficiary Yee Jerng Wai, inscribed Louie Jerng Wai. On February 13, 1963, the investigator

29·

visited the Ming Sun Primary School where the headmaster said the beneficiaries had entered the school as "Yees" but in 1959 their guardian had changed their surname to "Louie."

The consular report went on to state that on February 18, 1963, a usually reliable source of information reported identification of the petitioner's father as Louie Kong Sing, who along with the petitioner, whose given name the source did not know, is in the United States. Naming the petitioner's wife as Ng Shee, the source said they had two children—a son, Louie Jerng Wai, and a daughter, Louie Chun Har—both in Hong Kong. On February 25, 1963, a member of the consular office interviewed Louie Bo, male, age 52, and a claimed native of Ho Mok Village, Tong Min Heung, Toishan. This witness executed a statement in which he identified the petitioner as Louie King Fai, his neighboring villager; the petitioner's wife as Ng Shee, whom he thought still in Hong Kong; and the beneficiaries as their children—Louie Chun Har, daughter, and Louie Jerng Wai, son. The witness said the petitioner is in the United States as is his father, Louie Kong Sing; the latter's wife, Hui Shee, is still in Hong Kong. This witness stated that Louie Kong Sing and Hui Shee has a daughter whose name he does not recall, but recalls only the son's name. On February 26, 1963, a consular investigator interviewed Louie Man Hon, male, age 46, and a claimed native of Sheung Lem Village, Tong Min Heung, Toishan. The witness identified the petitioner's photograph as Louie King Fai, his neighboring villager, now in the United States. This witness' identification of the petitioner's wife, his children, his parents and his sister agreed with that of the previous witness.

Counsel's brief recites that on two occasions the investigation section of the San Francisco office confronted the petitioner with the gist of the report from Hong Kong but that he denied that his true name was Louie and said that he is in fact a person of United States nationality. He argues inasmuch as the petitioner has previously been admitted as a United States citizen and is the holder of a certificate of citizenship, he is entitled to be recognized a citizen of the United States and that the visa petition should be approved in view of the fact that the report establishes the claimed relationship. He further comments that no steps have been taken to cancel the certificate of citizenship of the petitioner.

The burden of proof of establishing eligibility for the benefits sought under the immigration laws rests upon the petitioner. Cancellation of the certificate of citizenship under the provisions of section 342 of the Immigration and Nationality Act would affect only

the document itself and not the citizenship status of the person in whose name the document is issued. Two witnesses have positively identified the photograph of the petitioner as that of Louie King Fai, and his brother as Louie Kong Sing. It is noted that the petitioner's file, AA-33814, reflects that on June 24, 1952, the alleged brother, Yee Yook Lim, testified that his mother had one younger brother named *Louie* Bing Kuey (Tr. June 24, 1952, p. 10). The alleged father testified that he married Louie Tai Jang on CR 11-2-8 (March 6, 1922) (Tr. p. 13, June 24, 1952). The applicant also testified that his mother had one younger brother, Louie Bing Kuey (Tr. June 25, 1952, p. 24).

The testimony of the witnesses in Hong Kong and the established fact that the petitioner's mother was a Louie who had a younger brother casts a doubt upon the identity of the petitioner and the true nature of the claimed relationship. Under the circumstances, it is felt that the petitioner has not borne the burden of establishing eligibility for the benefit he seeks under the immigration laws. The appeal from the revocation of the visa petition will be dismissed without prejudice to reopening if the petitioner is able to produce further evidence relating to his claimed identity and the relationship.

ORDER: It is ordered that the appeal be dismissed from the order of the District Director, San Francisco District, dated October 29, 1963, revoking the approval of the visa petitions.