## MATTER OF MANDEWIRTH

### In Visa Petition Proceedings

### A-12194837

*Decided by Board April 19, 1967*

Acknowledgement by petitioner, a native of Austria, of fatherhood and agreement of support of beneficiary, who was born out of wedlock in 1945, does not constitute legitimation for immigration purposes (section 101(b)(1)(C), Immigration and Nationality Act, as amended), since under the law of Austria legitimation of a child born out of wedlock is not accomplished by mere acknowledgment of paternity and agreement to support.

The case comes forward on appeal from the order of the District Director, Washington, D.C., District, dated September 14, 1966 denying the visa petition for the reason that the facts presented disclose that the petitioner was never married to the beneficiary's mother and that he has not been otherwise legitimated; it is concluded that the beneficiary is not a child as defined in section 101(b)(1) of the Act.

The petitioner, formerly a citizen of Austria, now a citizen of Canada, a lawful permanent resident of the United States, seeks preference quota status on behalf of the beneficiary as his son. The beneficiary is a native of West Germany, born April 24, 1945.

It is admitted by the petitioner that the beneficiary was born out of wedlock. However, he has submitted a document of Proof of Fatherhood and Support (Document on the acknowledgment of fatherhood and agreement on support) which acknowledges that the petitioner, an Austrian citizen, is the natural father of the beneficiary who was born out of wedlock and contains an agreement of support. The document is dated December 20, 1951.

Inasmuch as the beneficiary is an illegitimate child, he must qualify as a child under section 101(b)(1)(C) of the Immigration and Nationality Act as a legitimated child. The document of acknowledgment of paternity was submitted to the Library of Congress for an opinion. Under the law of Austria, an illegitimate child has the status rights of a legitimate child only in respect to its mother: it takes her surname (sec. 165, par. 1, of the Austrian Civil Code, *Das allgemeine burgerliche*

199

*Gesetzbuch,* hereinafter ABGB) ; acquires her nationality status (sec. 3 of the Nationality Act, *Staatsburgerschaftsgesetz, Bundesgesetblatt,* hereinafter BGB1, No. 276/1949) ; and is under the jurisdiction of the court of the mother's domicile (sec. 72 of the Law of August 1, 1895, as amended, on the Jurisdiction of the Regular Courts in Civil Matters). An illegitimate child does not have the right to bear its father's name (sec. 165, par. 1, of the ABGB).

The article from the Library of Congress then goes on to set forth additional information regarding acknowledgment of paternity. It states that legitimation is distinguished from acknowledgment of paternity in that the former is an act giving the status of legitimacy to a child born out of wedlock. The Civil Code distinguishes three types of legitimation:

(a) A child conceived in a marriage concluded by a valid formal act, but void due to an impediment, shall be considered legitimate if the said marriage was subsequently validated, or if at least one of the parents was bona fide unaware of the impediment (sec. 160). This is applicable in cases of the concealed bigamy of one of the spouses, or their error in considering separation as divorce, or in taking the declaration of the death of a person's spouse as the final act terminating the marriage. This method is applicable today only in rare instances, in view of later legislation.

(b) A child born out of wedlock may be legitimated by the subsequent marriage of its parents (sec. 161). This is the most common case of legitimation.

(c) A child may be legitimated by a rescript of grace of the President of the Republic on the petition of both parents (sec. 162 of the ABGB in conjunction with Art. 65, par. 2, subpar. (d), of the Austrian Constitution).

The document submitted with the visa petition does not establish that the beneficiary was ever legitimated.[1] The visa petition based upon a preference on the ground of alleged relationship of father and child will be denied.

It is noted that in connection with the appeal the petitioner states that the beneficiary has a half-sister who is married to an American-born citizen. In the event that the brother-sister relationship is through the mother, and if the sister is a citizen of the United States, she may petition for quota preference on behalf of the beneficiary under section 203(a)(5) of the Immigration and Nationality Act. It is also noted that the quota to which the beneficiary is chargeable is open and the beneficiary will be eligible for a quota immigrant visa if he can secure a labor certification pursuant to section 212(a)(14).

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] See *Matter of B—,* 6 I. & N. Dec. 161, 162.