MATTER OF JULIANUS

In Visa Petition Proceedings

A–11753637

*Decided by Board September 14, 1973*

Under the law of Guadeloupe, French West Indies, legitimation of a child born out of wedlock is accomplished by the subsequent marriage of his father and mother.

ON BEHALF OF PETITIONER:   Ben Carter, Esquire
138 E. Court Street
Room 327 Temple Bar Bldg.
Cincinnati, Ohio 45202

The permanent resident petitioner applied for preference status for the beneficiary as his unmarried son under section 203(a)(2) of the Immigration and Nationality Act. The District Director denied the application in an order dated May 1, 1972. The petitioner appeals from that decision. The appeal will be dismissed.

The beneficiary is a native of Guadeloupe, French West Indies and a citizen of France. The record indicates that the petitioner was never ceremonially married to the beneficiary's mother. The petitioner's residence and domicile are in Ohio.

The issue presented in this appeal is whether the beneficiary qualified as a "child" for purposes of the immigration laws when he was under the age of 21, for he must have been a "child" then in order to qualify as an unmarried son now. See *Matter of R–*, 5 I. & N. Dec. 438, 439 (BIA, 1953).

The term "child" is defined in section 101(b)(1) to include any unmarried person under 21 years of age who is—

  (A) a legitimate child; or
  (B) a stepchild . . .; or
  (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation; or
  (D) an illegitimate child . . . on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother; or
  (E) a child adopted . . .

435

Subparagraphs (B), (D), and (E) clearly are inapplicable to the present case. The petitioner claims that the beneficiary is a legitimated child, although he presented no evidence to show legitimate birth or legitimation under the law of either the beneficiary's or the petitioner's residence or domicile.

With respect to the laws of Guadeloupe, the residence and domicile of the beneficiary, the beneficiary does not qualify as a legitimated child. Clearly, the beneficiary was not a legitimate child at birth, since his parents were not married to each other, and children born out of wedlock are legitimated only by the subsequent marriage of their father and mother, Article 331, French Civil Code. [1] This provision was in force in Guadeloupe at all relevant times including when this application was made, and until January 3, 1972. On that date the wording of this provision was changed slightly because of the enactment of a law on filiation, but not in such a way as would affect the outcome of this case. [2]

The petitioner claims that the beneficiary was legitimated according to the laws of Ohio, alleging that because Ohio recognizes common law marriages, the beneficiary was somehow legitimated. However, he presents no evidence regarding either common law marriage or legitimation under Ohio law. The petitioner states in his petition that he never lived with the beneficiary's mother in the United States. His own residence in Ohio is not sufficient basis to claim the existence of a common law marriage under that state's law. Therefore, it appears that the beneficiary has not been legitimated in accordance with Ohio law.

It is well settled that an illegitimate child gains no benefits under the immigration laws on the basis of its relationship to its father, *Matter of C-*, 5 I. & N. Dec. 610 (BIA, 1954). Since a parent-child relationship, as defined by the immigration laws, was never formed, the beneficiary does not qualify as an unmarried son for purposes of section 203(a)(2) of the Act.

Counsel claims in his brief that in 1969 a government official led the petitioner to believe that all he needed to do to accord the

---

[1] Article 331 of the French Civil Code (Law of April 25, 1924): "Children born outside of marriage, other than those born of adulterous intercourse, shall be legitimated by the subsequent marriage of their father and mother when the latter have acknowledged them before their marriage or when they acknowledge them at the time of its celebration ...."

[2] Article 331 of the French Civil Code (Law of January 3, 1973): "All children born outside of marriage shall be legitimated by operation of law by the subsequent marriage of their father and mother.

"If their filiation was not already established, these children shall be the object of the acknowledgment at the time of celebration of marriage ...."

beneficiary legal status as his son for immigration purposes was to wait until the boy was 18 years old. He alleges that the petitioner was not informed that he would have to legitimate his son before the boy reached the age of 18. He contends that, because the petitioner relied to his detriment on the official's statement, the Government should be estopped from barring the youth's admission now. However, there is no evidence in the record to substantiate these assertions, and the burden to establish eligibility for benefits sought under the immigration laws falls upon the petitioner in visa petition proceedings, *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA, 1966); *Matter of Yee*, 11 I. & N. Dec. 27, 30 (BIA, 1964).

Accordingly, we agree with the District Director that the petitioner has failed to establish the beneficiary's eligibility for the preference he seeks, and therefore we shall dismiss the appeal.

**ORDER:** The appeal is dismissed.