Interim Decision #

## MATTER OF GARNER

### In Visa Petition Proceedings

### A-20253948

*Decided by Board March 20, 1975*

(1) The visa petition to classify the beneficiary as a preference immigrant under s 203(a)(5) of the Immigration and Nationality Act, as the sister of the petitione denied by the district director because beneficiary did not meet the definition of ' set focth in section 101(b)(1)(C) of the Act. While beneficiary and petitioner we children of a common parent (the father), beneficiary had not been legitimated p her eighteenth birthday.

(2) While the term "sister" is not defined in the Act, to support a claimed brother relationship necessary for qualification under section 203(a)(5), petitioner a neficiary must establish that they once qualified as children of a common par provided in sec. 101(b)(1) and (2) of the Act.

(3) *Matter of C—*, 6 I. & N. Dec. 617 (BIA 1955) and *Matter of D—M—*, 7 I. & N. D₁ (BIA 1957) are overruled insofar as they hold that the requirements of section 10 of the Act are *not applicable to "brothers" and "sisters" under section 203(a)(5)* Act.

ON BEHALF OF PETITIONER:  Essel W. Baily, Jr., Esquire
Richard M. Wood & Associates
320 North Main Street
Ann Arbor, Michigan 48104

The United States citizen petitioner applied for preference clas. tion for the beneficiary as her legitimated half sister under s 203(a)(5) of the Immigration and Nationality Act. The district di denied the petition. The petitioner has appealed from that denial appeal will be dismissed.

The petitioner is a legitimate child of her parents. The beneficiar born out of wedlock to the petitioner's father and a different moth appears from the record that the beneficiary was legitimated und laws of Great Britain, the place of her father's domicile, by the ma of her parents. However, that marriage took place when the benef was 23 years of age.

The district director concluded that the beneficiary could not q as the petitioner's "sister" through their common father becau beneficiary was illegitimate at birth and had not been legitima

215

compliance with the 18-year age requirement of section 101(b)(1)(C) of the Act. Counsel maintains that the requirements of section 101(b)(1)(C) are inapplicable to an alien whose classification as a "sister" is sought under section 203(a)(5) of the Act.

The term "sister" is not defined in the Act. However, the term "child" is defined in section 101(b)(1) of the Act. Section 101(b)(1)(C) defines the term "child" as including "a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the *child is in the legal custody of the legitimating parent or parents at the* time of such legitimation."

The definition of "child" contained in section 101(b)(1) has been applied in determining whether aliens are eligible for preference classification under section 203(a) as "sons or daughters," [1] or "brothers or sisters." [2] It is also applicable in determining whether an individual is a "parent" under section 101(b)(2) of the Act.[3] The application of the section 101(b)(1) definition of "child" in determining whether an individual qualifies as a "son" or a "daughter" under section 203(a) has been approved in *Nazareno* v. *Attorney General of United States*, 336 F. Supp. 1219, *affirmed* 512 F.2d (D.C. cir. 1975), *cert. den. sub nom Nazareno et al* v. *Levi, Attorney General*, 423 U.S. 832 (1975).

In *Matter of Heung,* 15 I. & N. Dec. 145 (BIA November 25, 1974), we held that in order to support a claimed "brother" or "sister" relationship under section 203(a)(5), a petitioner has to establish that both he and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act.

In *Matter of Kim,* 14 I. & N. Dec. 561 (BIA 1974), we specifically dealt with the issue of whether a child born out of wedlock who was over the age of 18 years when legitimated by his father could qualify for

---

[1] Legitimated sons or daughters: *Matter of Coker,* 14 I. & N. Dec. 521 (BIA 1974); *Matter of Julianus,* 14 I. & N. Dec. 435 (BIA 1973); *Matter of Anastasiadis,* 12 I. & N. Dec. 99 (BIA 1967); *Matter of Mandewirth,* 12 I. & N. Dec. 199 (BIA 1967); *Matter of Lauer,* 12 I. & N. Dec. 210 (BIA 1967). Adopted sons or daughters: *Matter of Ng,* 14 I. & N. Dec. 135 (BIA 1972); *Matter of Caramanzana,* 12 I. & N. Dec. 47 (BIA 1967); *Matter of Yue,* 12 I. & N. Dec. 747 (BIA 1968). Stepsons or stepdaughters: *Matter of C—,* 8 I. & N. Dec. 592 (BIA 1960); *Matter of Pagnerre,* 13 I. & N. Dec. 688 (BIA 1971).

[2] Legitimated brothers or sisters: *Matter of Kim,* 14 I. & N. Dec. 561 (BIA 1974); *Matter of Van Pamelen,* 12 I. & N. Dec. 11 (BIA 1966); *Matter of K—W—S—,* 9 I. & N. Dec. 396 (BIA 1958, 1961; A.G. 1961). Adopted brothers and sisters: *Matter of Butterly,* 14 I. & N. Dec. 160 (BIA 1973); *Matter of Boghdadi,* 12 I. & N. Dec. 666 (BIA 1968); *Matter of Fong,* 10 I. & N. Dec. 497 (BIA 1964). Stepbrothers or stepsisters: *Matter of Heung,* 15 I. & N. Dec. 145 (BIA November 25, 1974), overruling *Matter of Campbell,* 13 I. & N. Dec. 552 (BIA 1970).

[3] *Matter of Polidoro,* 12 I. & N. Dec. 353 (BIA 1967); *Matter of Schaad,* 10 I. & N. Dec. 555 (BIA 1964).

preference classification under section 203(a)(5) as a "brother" through the paternal relationship. We applied the section 101(b)(1)(C) definition of a legitimated "child" and held that the beneficiary was not entitled to preference classification.

We are aware of several cases which indicate that the section 101-(b)(1) definition of "child" is not applicable in determining whether a beneficiary qualifies as a "brother" or a "sister" under section 203(a)(5) (formerly section 203(a)(4)). *Matter of C—*, 6 I. & N. Dec. 617 (BIA 1955); *Matter of D—M—*, 7 I. & N. Dec. 441 (BIA 1957). Over the years, we have receded from the view expressed in these cases, and we now specifically overrule them insofar as they hold that the requirements set forth in section 101(b)(1) are not applicable to "brothers" or "sisters" under section 203(a)(5).

Finally, counsel argues that the beneficiary can qualify as the petitioner's stepsister by virtue of the marriage between the petitioner's father and the beneficiary's mother. It is clear, however, that for immigration purposes no steprelationship between the petitioner and the beneficiary was created by the marriage, because the beneficiary was beyond the 18-year age requirement of section 101(b)(1)(B) of the Act. *Matter of Heung*, 15 I. & N. Dec. 145 (BIA November 25, 1974); *Matter of Kim*, supra.

The district director's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.