**DRONEY v. UNITED STATES**
**(DRONEY, Intervener).**

No. 21516.

District Court of the United States for the District of Columbia.

March 12, 1945.

Warren E. Miller, of Washington, D. C., for plaintiff.

Edward M. Curran, U. S. Atty., and D. Vance Swann, Atty., Department of Justice, both of Washington, D. C., for defendant.

Jeff Busby, of Washington, D. C., for intervener.

LETTS, Justice.

The plaintiff Jacqueline J. Droney brings this suit as the designated beneficiary of a contract of National Service Life Insurance, issued to Robert F. Droney on August 1, 1942, while in the military service of the United States.

It appears without dispute that the insured originally named his wife, the intervener, Grace P. Droney, as beneficiary of said insurance, but on August 1, 1943, attempted to change the beneficiary of said

insurance, naming plaintiff whose relationship was given as that of "sister". The insured died on August 4, 1943. The disagreement as contemplated by section 19 World War Veterans' Act, 1924, 38 U.S.C.A. § 445, exists. It is admitted that plaintiff is an adopted sister of the insured and that no blood relationship existed between her and the insured.

The intervener, Grace P. Droney, bases her claim to insurance benefits upon the contention that the purported change of beneficiary is ineffectual since plaintiff does not come within the permitted class of designated beneficiaries as defined by the National Service Life Insurance Act.

The United States withholds payment of the insurance because of the conflict of interest between the plaintiff and the intervener and is ready to pay the insurance to the person adjudged by the court to be entitled to receive the same.

Plaintiff and intervener have filed motions for summary judgment. These motions present the sole question for decision, which is one of law: whether or not a sister by adoption comes within the permitted class of designated beneficiaries as defined by the National Service Life Insurance Act.

Section 601 of the National Service Life Insurance Act, as approved October 8, 1940, 54 Stat. 1008, 38 U.S.C.A. § 801, provides in subsection (e) that when used in part 1 of the act the term "child" includes an adopted child.

Section 602 of said Act, § 802 of the United States Code Annotated, provides, on the subject of beneficiaries:

"(g) The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if designated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided.

\* \* \* \* \* \*

"(j) No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, and in the event that no person within the permitted class survives to receive the insurance or any part thereof no payment of the unpaid installments shall be made."

Section 601 of the Act of October 8, 1940, was amended by an Act approved July 11, 1942, 56 Stat. 659, 38 U.S.C.A. § 801, by the addition of the following subsection: "(f) The terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, and persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service for a period of not less than one year."

The amendatory Act of July 11, 1942, struck out of section 602(g) dealing with beneficiaries the parenthetical words, following the word "parent," to wit, "including person in loco parentis if designated as beneficiary by the insured." Section 602(g) now reads: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. \* \* \*"

It will be noted that in such provision only the term "child" is enlarged beyond the natural and obvious meaning of the terms used to designate permissible beneficiaries.

A different situation would be presented if plaintiff were claiming as beneficiary of insurance granted under the World War Veterans' Act of 1924 as amended since that act expressly defines the terms "brother" and "sister" as used in the statute as including "brothers and sisters through adoption" as well as brothers and sisters of the half blood, stepbrothers and stepsisters, and the children of persons who stood in loco parentis to the insured. 38 U.S.C.A. § 424 (6) and (7). It therefore seems clear that the terms "brother" and "sister" as used in section 602(g) of the National Service Life Insurance Act can only be held to apply to a natural or blood brother or sister of the insured. That such was the intent of Congress is more apparent from the fact that the National Service Life Insurance Act is much more restrictive in other respects than the World War Veterans' Act. This view is illustrated by the provisions in section 602(j) of the National Service Life Insurance Act; that

156

"No installments of such insurance shall be paid to the heirs or legal representatives as such of the insured or of any beneficiary, and in the event that no person within the permitted class survives to receive the insurance or any part thereof no payment of the unpaid installments shall be made."

It will be observed that the provisions of the War Risk Insurance and World War Veterans' Acts are much more liberal than the act with which we are here concerned.

In support of plaintiff's contention that a "sister by adoption" comes within the permitted class of beneficiaries of National Service Life Insurance there is cited the following provision of Title 16, par. 205 of the District of Columbia Code 1940 "entry of a final decree of adoption shall establish the relation of natural parent and natural child between adoptor and adoptee for all purposes." This provision does no more for plaintiff than the provision of section 601(e) of the National Service Life Insurance Act that, when used in said act, "the term 'child' includes an adopted child." Neither of said provisions purports to establish the relation of natural brother or sister between the insured and his brother or sister through adoption by his parents. The District of Columbia adoption statute has been construed in Shoemaker et al. v. Newman, 62 App.D.C. 120, 65 F.2d 208, 89 A.L.R. 1034, wherein the court announced that "it is settled law, we think, that an adopted child inherits only from his adopted parents and does not inherit through the foster parents, from direct or collateral kin."

It appears therefore that (with the exception of the spouse of the insured and a stepchild, and the possible exception of an adopted child) Congress, in the National Service Life Insurance Act, has limited the permissible class of beneficiaries to the immediate relatives by blood of the insured.

It is unnecessary to determine whether the letter of the insured to the Veterans' Administration by which he attempted to change his designated beneficiary had the effect of nullifying his original designation of intervener as beneficiary. Even if it had that effect the intervener is, nevertheless, entitled to receive the insurance since, as the widow of the insured, she is entitled to receive the insurance by operation of law.

The motion of plaintiff for summary judgment is overruled and that of intervener is sustained.