**BEACH v. UNITED STATES.**
Civ. A. No. 21770.

United States District Court
N. D. Ohio

Eastern Division.
April 5, 1946.

Edwin F. Woodle, of Cleveland, Ohio, for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The question in this case is stated by the plaintiff thus:

"Is an adopted daughter of a natural parent of a deceased war veteran a 'sister' of such veteran within the meaning of United States Code Ann., Title 38, Chapter 13, Section 802?" and by the defendant thus:

"May a person, adopted by the father of an insured, during his first marriage, be regarded as the insured's sister and a beneficiary within the meaning of 602(h) (3) (Sec. 802, Title 38, U.S.C.) of the National Service Life Insurance Act of 1940, when the insured was born of the father's second marriage?"

The case was submitted on the pleadings and a stipulation of facts.

There is no need to repeat the facts because that would be merely stating the question with more detail. Section 802, subsection (g), provides:

"The insurance shall be payable only to a widow, widower, child (including a step-child or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

748

Now this raises the question whether a person adopted by the father of the insured during his first marriage may be regarded as the sister of the insured, who was born of a second marriage; in other words, does the word "sister", as used by the Congress in this Act, mean adoptive sister, being the adoptive daughter of only one of the insured's parents?

█ Considering the history of the legislation and the legislative intent in enacting it, this court is forced to the conclusion, as stated by the District Court for the District of Columbia in the case of Droney v. United States et al., D.C., 59 F.Supp. 154, 156: "that (with the exception of the spouse of the insured and a stepchild, and the possible exception of an adopted child) Congress, in the National Service Life Insurance Act, has limited the permissible class of beneficiaries to the immediate relatives by blood of the insured."

Plaintiff argues that "since the decedent was survived by no widow, widower, child or parent and by no other brother or sister, the plaintiff becomes entitled as a matter of law to receive payment of the proceeds of the policy".

█ It seems clear to this court that the rights of the plaintiff must be determined by the insurance contract. It provides that the insurance shall be payable only to a "widow, widower, child (including a step-child or an illegitimate child, if designated as beneficiary by the insured), parent, brother or sister of the insured" and then provides that the insured can designate the beneficiary "but only within the classes herein provided". In view of language so definite and specific there is no occasion to resort to the language of the law of the state where the decedent lived in order to determine who are heirs and next of kin, or sisters by law.

█ If the interpretation which the plaintiff advances were adopted, the law would not have a uniform application. In some states adoptive brothers and sisters of the half blood would be considered brothers and sisters, whereas in other states brothers and sisters would be determined by consanguinity. It is not likely that Congress would intend such a result. The most reasonable presumption is that Congress intended a uniform operation of the law. As the District Court said in the case cited above: "It therefore seems clear that the terms 'brother' and 'sister' as used in section 602(g) of the National Service Life Insurance Act can only be held to apply to a natural or blood brother or sister of the insured."

Judgment will therefore be entered for defendant.