MATTER OF VAN PAMELEN

In Visa Petition Proceedings

A-14913610

*Decided by Board December 21, 1966*

Since under the law of The Netherlands, petitioner, although acknowledged by his natural parents following birth out of wedlock, has never been legitimated by the subsequent marriage of his parents, he is ineligible to file a visa petition to accord his half-sister preference status under section 203(a)(5) of the Immigration and Nationality Act, as amended, inasmuch as the common parent is the father.

The case comes forward on appeal from the order of the Acting District Director, Frankfurt, Germany, dated September 15, 1966, denying the visa petition for the reasons that the relationship of brother and sister has not been established as defined in section 101(b) of the Immigration and Nationality Act; the visa petition does not satisfy the requirements of 8 CFR 204.2(d)(4); and the petitioner is by definition not the son of the natural father since he was born out of wedlock.

The petitioner, a native of Djakarta, Indonesia, born April 2, 1936, male, is a naturalized citizen of the United States. He seeks preference quota status on behalf of the beneficiary as his sister under section 203(a)(5) of the Immigration and Nationality Act. The beneficiary was born on March 16, 1947 at Deventer, The Netherlands.

The visa petition is supported by the birth certificate of the petitioner showing that he was born at Batavia, Indonesia on April 2, 1936, the son of Jenny J. C. F. Van Heuven Van Staereling. Annotations on the birth certificate show that the birth was registered in the 1936 birth register of Batavia and was acknowledged by Wilhelmus Maurits Van Pamelen and his natural mother as their child. There is also enclosed an undated statement by the putative father of the petitioner explaining that due to several circumstances not to be disclosed a marriage between him and the natural mother of the petitioner never came into being, that eventually both parties separated from each other by mutual consent and since no marriage was in-

11

volved, divorce papers were not needed; as part of the agreement their child was recognized and given the father's surname.

There has also been submitted a marriage certificate between the petitioner's father and Charlotte Florentinus at The Hague on August 26, 1953. Also the birth certificate of the beneficiary at Deventer, The Netherlands, on March 16, 1947 the daughter of Wilhelm Maurits Van Pamelen and Charlotte Florentinus. It is noted that the beneficiary's parents were married on August 26, 1953 and that the birth certificate contains the notation that By Order in Council dated June 9, 1965 the beneficiary was granted permission to change her family name of Florentinus into Van Pamelen.

The petitioner admits that the petition does not establish a brother-sister relationship as defined in section 101(b)(1) of the Act but complains that the criteria for such relationship is not set out in said section. Furthermore, he asserts he is legitimate by virtue of the acknowledgment.

The regulations pertinent to visa petitions, 8 CFR 204.2(d)(4), provide that if a petition is submitted on behalf of a brother or sister, the birth certificate of the petitioner and the birth certificate of the beneficiary, showing a common mother, must accompany the petition. If the petition is on behalf of a brother or sister having a common father and different mothers, the marriage certificate of the petitioner's parents, and the beneficiary's parents, and proof of the legal termination of the parents' prior marriages, if any, must accompany the petition.

The provision relating to brothers or sisters having a common mother set forth in the above regulation is predicated upon the fact that section 101(b)(1)(D) of the Immigration and Nationality Act, as amended, defines the term "child" to include an illegitimate child by virtue of its relationship to its natural mother. In addition, administratively we have held that illegitimate half brothers and sisters whose common parent is the mother qualify for preference quota status.[1]

However, the regulation relating to brothers or sisters having a common father but different mothers requires the marriage certificate of the petitioner's parents and the beneficiary's parents as well as proof of the legal termination of the parents' prior marriages, if any. There is implicit in this requirement of a marriage certificate where the brother and/or sister have only a common father that the siblings be legitimate or legitimated children.[2]

While the term brother or sister in section 203(a)(5) of the Immi-

---

[1] *Matter of C—*, 6 I. & N. Dec. 786.

[2] *Matter of C—*, 5 I. & N. Dec. 610.

gration and Nationality Act is not defined, the provisions of the pertinent regulation, 8 CFR 204.2 (d) (4), together with the provisions of section 101 (b) (1) (D) of the Immigration and Nationality Act, the administrative construction, and the fact that from an immigration standpoint an illegitimate child derives no benefit through its illegitimate father, the term brother and sister means only legitimate brothers and sisters of the full or half blood. It therefore becomes necessary to determine whether the petitioner, admittedly born out of wedlock, has been legitimated under the law of his residence or domicile or under the law of the father's residence or domicile (section 101 (b) (1) (C) of the Immigration and Nationality Act). There is no claim advanced that the petitioner was legitimated under the law of the State of his residence in the United States. However, he claims to have been legitimated through acknowledgment by his father by virtue of the execution of his birth certificate under the laws of The Netherlands.

The facts of the case were submitted to the Royal Netherlands Embassy at Washington, D.C. Information received from the Embassy indicates that by virtue of the father's and the mother's acknowledgment of the petitioner before the keeper of the civic records, the child received a status, known in The Netherlands law as an "acknowledged child" which is best described as "partly legitimated." Examples are given of certain civil and legal benefits and responsibilities. However, the letter concludes that it does not appear that the child has been *fully legitimated by a marriage* after the acknowledgment of the above-mentioned father and mother. It was further ascertained that Article 327 of the Civil Code of The Netherlands provides that a child born out of wedlock who has been acknowledged is automatically legitimated by the subsequent marriage of its natural parents.

It is believed that the term "partly legitimated" used by the Embassy is an euphemism. The letter restates the general rule prevailing in countries, outside the Soviet or Communist sphere, that acknowledgment alone does not constitute legitimation. There must also be the subsequent marriage of the natural parties or a royal or presidential decree.[3]

It is therefore concluded that the illegitimate petitioner, who, although acknowledged, has never been legitimated by the subsequent marriage of his parents, is not eligible to file a visa petition for preference status under section 203 (a) (5) of the Immigration and Nationality Act on behalf of his half sister, inasmuch as the common parent is

---

[3] *Matter of J—*, 7 I. & N. Dec. 838 (France) ; *Matter of D—*, 7 I. & N. Dec. 438 (Italy) ; *Matter of F—*, 7 I. & N. Dec. 448 (Portugal) ; *Matter of W—*, 9 I. & N. Dec. 223 (Surinam) ; *Matter of C—*, 9 I. & N. Dec. 597 (Spain) ; *Matter of The*, 10 I. & N. Dec. 744 (Indonesia).

the father. We take note of the sympathetic factors set forth in the statement accompanying the appeal by the petitioner but we conclude that the present law does not permit favorable action. There is no provision for any administrative discretionary action.

However, we note that the nonpreference quota for The Netherlands is open. The petitioner, who is a captain in the United States Army, states that he desires the beneficiary to come into the United States to take care of his pregnant wife.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

14