MATTER OF ANASTASIADIS

In Visa Petition Proceedings

A-14827098

*Decided by Board February 21, 1967*

Mere recognition by petitioner (the natural father) of beneficiary, who was born out of wedlock in Greece in 1957, does not constitute legitimation for immigration purposes (section 101(b)(1)(C), Immigration and Nationality Act, as amended), since under the law of Greece legitimation is effected only by the subsequent marriage of the natural parents or by judicial decree.

The case comes forward on appeal from the order of the District Director, New York District, dated October 25, 1966 denying the visa petition for the reason that section 101(b)(1) of the Immigration and Nationality Act, among other things, defines a child as "an unmarried person under twenty-one years of age who is (A) a legitimate child . . ."; the facts presented disclose that the petitioner was never married to the beneficiary's mother and that he has not been otherwise legitimated; it is concluded that the beneficiary is not a child as defined in section 101(b)(1) of the Act.

The petitioner, a native and citizen of Greece, a lawful permanent resident of the United States, 33 years old, male, seeks preference quota status on behalf of the beneficiary as his child. The beneficiary is a native and citizen of Greece, nine years old, male. A notarized statement by the petitioner is to the effect that the beneficiary was born in Chalkis, Greece on January 1, 1957 out of wedlock; that the mother of the child died after birth; that in the municipality of Chalkis the petitioner acknowledged he was the father of the beneficiary and that the mother was named Ioanna. The petitioner admits that he was never married to the mother of the child because at that time he was a student and did not have the means to support her.

Section 101(b)(1) defines the term "child" to mean ... (A) a legitimate child or (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child

is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The petitioner has submitted a birth certificate showing that the beneficiary was registered in the register of male citizens of the municipality of Chalkis under serial number 260 and year of birth 1957 born in Chalkis. In connection with the appeal he has submitted a certificate dated November 4, 1966 that the mayor of Chalkis certifies that under Law 5521/1932 as amended by Law 2742/1954 "for qualification of register of males" the beneficiary, son of Sotiri and Ioanna, is registered in the register of the community under serial number 260 and year of birth 1957 born in Chalkis; that the above-mentioned is a natural legitimate child of Sotiri Anastasiadis, son of Sokratis and Anastasia born in Chalkis in year 1933. The petitioner claims that by virtue of this latter document dated November 4, 1966 the beneficiary is his legitimate child.

Information has been obtained from the Library of Congress regarding "Acknowledgment and Legitimation of Illegitimate Children under Greek Law." [1] Under the Greek Civil Code of 1940, an illegitimate child has the legal status of a legitimate child with respect to its mother and her relatives by blood (Article 1530). The father may acknowledge an illegitimate child as his own (Article 1532). An illegitimate child acquires through voluntary acknowlegment his father's surname and, unless there are legal provisions to the contrary, the rights and obligations of a legitimate child (Article 1537). While an acknowledgment improves the situation of an illegitimate child, only its legitimation puts it on equal standing with a legitimate child. The Greek Civil Code recognizes two kinds of legitimation: legitimation by subsequent marriage (Articles 1556–1559) and legitimation by judicial decree (Articles 1560–1567). A child legitimated by the subsequent marriage of its parents acquires in every regard the legal position of a legitimate child with respect to both parents (Article 1559). An illegitimate child may be legitimated by judicial decree upon the petition of the father who must personally appear in court (Article 1560). Legitimation by judicial decree is admissible only under the following conditions: (1) the father has no legitimate descendants; (2) if, because of the death of the mother or for any other reason, legitimation by subsequent marriage is impossible; (3) if the child or its legal representative gives his consent, which consent shall be declared before the court (Article 1561). A child legitimated by judicial decree shall enjoy the legal position of a legitimate child in relation to his father in every respect (Article 1567).

---

[1] Prepared by Dr. Zenon Nizankowski, European Law Division (February 1967).

In regard to whether the document submitted by the petitioner constitutes sufficient evidence for legitimation, it is the author's personal opinion that their value to show the indicated status is doubtful. Both certificates were issued pursuant to the basic law 5521/1932, as amended by Law 2742/1954, "Peri katartismou metroon arrenon," which makes the recording of the birth of males for the purpose of the military draft mandatory. Such recording, however, would not seem to be a substitute for recording the birth in the vital statistics register as provided for by the basic Law 5097, "Peri lexiarchikon praxeon," of August 24/25, 1931. While the latter requires detailed data concerning the birth of every child, regardless of sex, and such registration of birth is accorded evidentiary force (with limitations under Article 10, paragraph 1), the former law concerns only the registration of male children for military draft purposes, thus probably lacking the evidentiary force mentioned above.

In summary, under Greek law an illegitimate child is legitimate only with respect to its mother and not to its father. The father may acknowledge an illegitimate child as his own which somewhat improves the civil status of the child. However, the Greek Civil Code recognizes but two kinds of legitimation: legitimation by subsequent marriage and legitimation by judicial decree. Accordingly, the beneficiary in the instant case, who has merely been recognized by his natural father, has not been legitimated and does not have the status of a "child" for immigration purposes. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

101