MATTER OF CAMPBELL

In Visa Petition Proceedings

A-17642157

*Decided by Board April 17, 1970*

Petition to accord beneficiary fifth preference classification as the stepsister of petitioner is denied, since petitioner and beneficiary, who do not have a natural parent in common, are not sisters of the whole or half blood and, therefore, do not come within the purview of section 203(a)(5) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER:            ON BEHALF OF SERVICE:
  Pro se                                R. A. Vielhaber
                                        Appellate Trial Attorney

This matter presents an appeal from a decision of the District Director denying a visa petition filed by petitioner to accord the beneficiary status as a stepsister under section 203(a)(5) of the Immigration and Nationality Act on the ground that petitioner and beneficiary do not have a common parent. The question raised in this appeal is whether, in the absence of any definition of the term "brother and sister" for purposes of section 203(a)(5), Congress intended to grant fifth preference classification in cases, such as the instant, where a petitioner and beneficiary do not have a parent in common. Our study of this issue persuades us that stepbrothers and stepsisters cannot be included within the term "brothers and sisters" as it applies in section 203(a)(5) of the Immigration and Nationality Act and we therefore affirm the District Director's decision.

The petitioner, native of England, born October 11, 1926, is a naturalized citizen of the United States. Petitioner's birth certificate shows that she was born to one Eileen Wallace and R. Wallace. The beneficiary is a native of Dublin, Ireland and her birth certificate shows that she was born to Kathleen Mary Campbell and Alfred William Stewart Campbell on May 18, 1935. A marriage certificate presented by petitioner shows that petitioner's

father, a widower, and beneficiary's mother, a widow, were married on May 19, 1945.

We agree with the District Director that the term "brother and sister" for purposes of section 203(a)(5) does not include relationships such as the instant, where there is no parent common to both petitioner and the beneficiary. While the Immigration and Nationality Act does not specifically define the term "brother and sister," we find ample illustration for our holding that the term applies only to consanguineous relationships.[1] The term "brother and sister" under the provision of National Service Life Insurance Act designating permissible beneficiaries has been construed in its plain, ordinary and popular sense as including only brothers and sisters by the whole blood and by the half blood, *Woodward v. United States*, 167 F.2d 774 (8 Cir., 1948); *Strunk v. United States*, 80 F. Supp. 432 (E.D. Ky., 1948); *Beach v. United States*, 79 F. Supp. 747 (N.D. Ohio, 1946); *Droney v. United States*, 59 F. Supp. 154 (D.C., 1945). The term "step" when used as a prefix in conjunction with a degree of kinship, such as a stepchild or stepsister, usually denotes a relationship by affinity, one repugnant to a blood relationship.[2]

We have traditionally held that for purposes of preference classification the term "brother and sister" includes relationships by the whole blood and by the half blood, where the parties have one natural parent in common, *Matter of De F—*, 6 I. & N. Dec. 325 (BIA, 1954); *Matter of C—*, 6 I & N. Dec. 786 (BIA, 1955). In an unreported decision (*Matter of Lewandowski*, A–1214417 (June 15, 1961)), we held that the term "brother and sister" did not extend to relationships where the parties did not have a natural parent in common. In that case, the petitioner's father married the beneficiary's mother and the relationship was created through marriage only. Since Congress has not defined the term "brother and sister" for purposes of section 203(a)(5) of the

---

[1] *Black's Law Dictionary*, 4th ed. at p. 1557, defines sister as: "A woman who has the same father and mother with another, or has one of them only; in the second, half sister."

The term brother is defined therein at page 242: "One person is a brother of the whole blood to another, the former being a male, when both are born from the same father and mother. He is a brother of the 'half blood' to that other (or half brother) when the two are born to the same father by different mothers or by the same mother to different fathers."

[2] *Black's Law Dictionary*, 4th ed. at p. 1584: "The term 'children' has been generally held not to include 'stepchildren' where the former appears in devises or bequests, 95 C.J.S. 2d Wills. Section 654; the term 'stepchildren' has not been included within the meaning of 'children' in wrongful death statutes, 25 C.J.S. 2d *Death*, Section 34(2)."

Immigration and Nationality Act, we hold that the terms must be applied in their plain and ordinary meaning.

The provisions of section 101 (b) (1) (B) of the Act, which define the term "child" as including a "step-child" under the conditions specified therein, obviously have no applicability here. Accordingly, we hold that petitioner and the beneficiary, related by affinity, are not sisters of the whole or half blood, and therefore do not come within the scope of section 203 (a) (5) of the Immigration and Nationality Act.

**ORDER:** The appeal is dismissed.