## MATTER OF KIM

### In Visa Petition Proceedings

### A-20691115

*Decided by Board January 21, 1974*

(1) Under the law of Korea, a child of a concubine is illegitimate. An illegitimate child may be legitimated by recognition (accomplished by registration with the Family Registrar in accordance with Article 859 of the Korean Civil Code), combined with the marriage of the parents.

(2) Since beneficiary (born in Korea in 1915, the child of petitioner's father and his concubine) was not legitimated until after he had reached the age of 18 years, he fails to qualify as a legitimated child under section 101(b)(1) of the Immigration and Nationality Act, as amended, and, therefore, is ineligible for preference status under section 203(a)(5) of the Act, as amended, as a "brother" of the petitioner through the paternal relationship. Cf. *Matter of Van Pamelen,* 12 I. & N. Dec. 11 (1966).

The United States citizen petitioner applied for preference status for the beneficiary as her brother under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated September 20, 1973, the District Director denied the petition on the ground that the proper relationship was not established. The petitioner has appealed from that denial. The appeal will be dismissed.

The term "brother" is not defined in the Act. However, the term "child" is defined in section 101(b)(1) to include:

(A) a legitimate child; or

(B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; or

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation; or

(D) an illegitimate child, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother; or

(E) a child adopted. . . .

The family register submitted in support of the petition establishes that the petitioner was born in 1919 and that her parents

561

were married in 1927. The beneficiary, who was born in 1915, was the child of the petitioner's father and his concubine. In 1943, following the death of the petitioner's mother, the petitioner's father married the beneficiary's mother.

We have consulted a memorandum of foreign law from the Far Eastern Law Division of the Library of Congress. According to that memorandum, in Korea a child of a concubine is illegitimate. An illegitimate child may be legitimated by recognition combined with the marriage of the parents. Recognition is accomplished by registration with the Family Registrar in accordance with Article 859 of the Korean Civil Code.

It appears that both the petitioner and the beneficiary are legitimated children of their common father under Korean law. However, the beneficiary was legitimated after he had reached the age of 18 years; therefore, he never qualified as a legitimate or legitimated child of his father as defined in section 101(b)(1) of the Immigration and Nationality Act. For immigration purposes, the beneficiary is an illegitimate child of his father. An illegitimate child cannot qualify for preference status as a "brother" through the paternal relationship. Cf. *Matter of Van Pamelen*, 12 I. & N. Dec. 11 (BIA 1966).

It is also clear that no steprelationship can be claimed through the marriage of the petitioner's father to the beneficiary's mother, since that marriage did not meet the requirement of section 101(b)(1)(B).

The decision of the District Director was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.