**Luis Oscar BELTRE, on behalf of himself and all persons similarly situated, Plaintiff,**

**v.**

**Maurice KILEY, Griffin B. Bell, Leonel J. Castillo, Cyrus Vance, Defendants.**

**No. 78 Civ. 2584 (RWS).**

United States District Court,
S. D. New York.

April 9, 1979.

88

Lloyd Constantine, Brooklyn Legal Services Corp. B, Brooklyn, N. Y., for plaintiff.

Robert B. Fiske, Jr., U. S. Atty. for Southern District of New York, New York City by Robert S. Groban, Jr., Sp. Asst. U. S. Atty., New York City, for defendants.

## OPINION

SWEET, District Judge.

This is an action for judicial review of a decision of the New York office of the District Director of the Immigration and Naturalization Service ("District Director") denying plaintiff's petition to obtain a preferential immigration classification for his illegitimate half-brother, Jose Beltre ("Jose"). This classification would enable Jose to obtain a visa to enter the United States. The case is currently before the court on cross motions for summary judgment, Fed.R.Civ.P. 56.

The Immigration and Nationality Act at 8 U.S.C. § 1153(a) (the "Act") grants entry to immigrants from independent countries in the Western Hemisphere under a seven-tier classification system that gives preferential status to close relatives of United States citizens and permanent residents. Section 203(a)(5) of the Act, 8 U.S.C. § 1153(a)(5) ("§ 203(a)(5)") allocates one preference category to "immigrants who

are the brothers or sisters of citizens of the United States." *Id.*

In 1976 plaintiff, an emigrant from the Dominican Republic who is now a naturalized citizen of the United States, filed a visa petition with the District Director. The petition sought to classify Jose, a citizen of the Dominican Republic, as plaintiff's "brother" and thus make Jose eligible for the § 203(a)(5) preference classification. The District Director denied plaintiff's petition, finding that Jose did not qualify as plaintiff's "brother" for purposes of § 203(a)(5). The District Director construed the term "brother" to incorporate the definition of "child" in § 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) ("§ 101(b)(1)"). He ruled, in effect, that an alien seeking to obtain a preference classification as a "brother" of a United States citizen under § 203(a)(5) must establish that he and the United States citizen are "children" of their common parent(s) within the meaning of § 101(b)(1).

Section 101(b)(1) defines a "child" as an unmarried person under 21 years of age who meets specified conditions. Included within this definition are a legitimate or legitimated child, a stepchild, an adopted child, and an illegitimate child seeking a preference by virtue of his relationship to his natural mother. 8 U.S.C. §§ 101(b)(1)(A)–(E). This definition does not extend to an illegitimate offspring who seeks a preference by virtue of his relationship to his natural father. *See Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).

The District Director ruled that Jose was not the "child" of his and plaintiff's common parent and therefore could not take advantage of his sibling relationship under § 203(a)(5). Jose and plaintiff are related through their father. Thus, to obtain a preference classification as plaintiff's brother, the illegitimate Jose would rely on his relationship to his father. Because of this relationship, Jose could not satisfy the definition of "child" found in § 101(b)(1).

Following the District Director's decision, plaintiff commenced the action now before

this court. In their motions, the opposing parties raise two issues. First, defendant alleges that plaintiff's failure to exhaust his administrative remedies deprives this court of subject matter jurisdiction to review the District Director's decision. Second, the parties dispute the reasonableness of the District Director's incorporation of the § 101(b)(1) definition of "child" into the term "brother".

This court finds that it has jurisdiction over this action and that the District Director's construction of the term "brother" is reasonable. Defendant's motion for summary judgment must therefore be granted.

In denying the visa petition that plaintiff filed on behalf of Jose, the District Director advised plaintiff of his right to appeal the decision to the Board of Immigration Appeals ("Board") pursuant to 8 C.F.R. § 204.-1(a) and 8 C.F.R. § 3.1(b)(5). Rather than pursuing this administrative appeal, plaintiff seeks direct judicial review of the District Director's decision.

█ As a rule, a party must exhaust his administrative remedies before seeking review of an administrative determination. *See e. g., McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Aircraft · and Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947). This principle advances a number of well established policies, including the efficiency of giving an administrative agency the opportunity to resolve controversies in its areas of expertise.[1]

Plaintiff seeks an exemption from this rule, alleging that an appeal to the Board would be futile as a matter of law. He maintains that the Board has no power to alter the District Director's decision incorporating the § 101(b)(1) definition of "child" into the term "brother" in § 203(a)(5) because the decision is based upon and embodied within a regulation of the Attorney General, 8 C.F.R. § 204.2(c)(4).[2] The Board, he correctly argues, exists only by virtue of these regulations, 8 C.F.R. Part 3, is bound by them, and has no authority to consider challenges to them.[3]

The Board could not alter the District Director's decision without challenging Regulation § 204.2(c)(4). The Regulation requires that a United States citizen who files a petition to classify an alien as his brother or sister must submit marriage certificates of his and the alien's parents when he and the alien share only a common father.[4] Implicit in this is the requirement that a United States citizen and alien who share a common father must show that they are legitimate children when they seek to classify the alien as a brother under § 203(a)(5). In other words, to qualify as "brothers" for a § 203(a)(5) preference, it is necessary under the Regulation that the citizen and alien satisfy the definition of "child" found in § 101(b)(1).

█ Because the Board does not have the authority to challenge the Attorney General's regulations, an appeal by plaintiff to the Board would be futile. In exempting plaintiff from the exhaustion requirement, this court follows the position of the Second Circuit set forth in *Tai Mui v. Esperdy,* 371 F.2d 772 (2d Cir. 1966), *cert. denied,* 386 U.S. 1017, 87 S.Ct. 1372, 18 L.Ed.2d 454 (1967), in which the Honorable Henry J. Friendly held that a petitioner need not exhaust a futile administrative review procedure prior to seeking District Court review of a District Director's decision. *Id.* at 778.

---

1. For an elaboration of these considerations *see McKart, supra,* 395 U.S. at 193, 89 S.Ct. 1657.

2. 8 C.F.R. § 204.2(c)(4) provides that:
. . . If a petition is submitted on behalf of a brother or sister, the birth certificate of the petitioner and the birth certificate of the beneficiary, showing a common mother, must accompany the petition. If the petition is on behalf of a brother or sister having a common father and different mothers, the marriage certificate of the petitioner's parents, and the beneficiary's parents, and proof of the legal termination of the parents' prior marriages, if any, must accompany the petition.

3. *See* Gordon and Rosenfield, *Immigration Law and Procedure,* § 1:10(c) at 1–59 (1966).

4. *See* Note 2, *supra.*

Further, the record of the Board's decisions on the issue of incorporating the definition of "child" into the term "brother" would make an administrative appeal futile in a practical dense. The Board has been consistent in its opinions' involving this issue, particularly since the adoption of Regulation § 204.2(c)(4) in 1965.[5] Only one case since that date has been brought to the court's attention in which the Board ruled that the definition of "child" did not apply to the term "brother".[6] That decision was later specifically overturned.[7] Therefore, there is no need to give the Board the opportunity to clear up any confusion in this area [8] because no such confusion exists.

For the above reasons, this court has subject matter jurisdiction over plaintiff's action. We turn next to the merits of the case.

The term "brother" as used in § 203(a)(5) is nowhere defined in the Act. In a series of cases that go back 25 years the Board has construed this term in a manner that is consistent with other sections of the Act and that reflects the intent of Congress. As discussed earlier, the Board has maintained for at least a decade a consistent position in these cases, ruling that the term "brother" incorporates the § 101(b)(1) definition of "child". See e. g. Matter of Garner, Interim Decision 2357 (BIA 1974); Matter of Van Pamelen, 12 I & N Dec. 11 (BIA 1966). In that time, the Board has specifically overruled two contrary decisions dating from 1955 and 1957,[9] and a third dating from 1970.[10] The latter is the Board's only inconsistent case since the adoption of Regulation § 204.2(c)(4) in 1965.

The District Director's decision is also consistent with the Board's incorporation of the term "child" as defined in § 101(b)(1), into the terms "sons" and "daughters" that appear in four preference classifications, §§ 203(a)(1), (2) and (4). See e. g. Matter of Coker, Interim Decision 2255 (BIA 1974); Matter of Anastasiadis, 12 I & N Dec. 99 (BIA 1967). The Court of Appeals for the District of Columbia approved this definition of "sons" and "daughters" in Nazareno v. Attorney General of United States, 168 U.S.App.D.C. 22, 512 F.2d 936 (1975), cert. denied, 423 U.S. 832, 96 S.Ct. 53, 46 L.Ed.2d 49 (1975). It found that this interpretation "harmonizes" the statutory meaning of the terms "sons" and "daughters" with the meaning of "child", and thereby avoids the "curious situation" in which a person who could never be a "child" of his parents might qualify as their "son" or "daughter". Id. 168 U.S.App.D.C. at 26, 512 F.2d at 940.

The Nazareno court's reasoning is applicable to the present case. If, as plaintiff argues, the terms "brother" and "sister" did not incorporate the definition of "child", these two sections of the Act would create the anomaly of classifying persons as "brothers" or "sisters" when neither was the child of his common parent(s). Given such an interpretation of "brother" and "sister", § 203(a)(5) would further clash with the "son" and "daughter" preference classifications in §§ 203(a)(1), (2) and (4). Under the former section, an illegitimate offspring would be able to obtain a preference classification indirectly through his father. Yet, under the latter sections, he could not qualify for a preference classification directly from his father.

Plaintiff's proposed reading of the term "brother" also conflicts with the intent of Congress as reflected in § 101(b)(1). That section provides that an illegitimate child should receive no benefits under the immigration laws on the basis of his relationship to his father. Fiallo v. Bell, supra, 430 U.S. at 797–98, 97 S.Ct. 1473.

---

5. See the discussion of these cases in the text, infra.

6. Matter of Campbell, 13 I & N Dec. 552 (BIA 1970).

7. Matter of Heung, Interim Decision 2334 (BIA 1974).

8. See Note 1, supra.

9. Matter of Garner, supra, overruling Matter of C–, 6 I & N Dec. 617 (BIA 1955) and Matter of D–M–, 7 I & N Dec. 441 (BIA 1957).

10. Matter of Heu:g, supra, overruling Matter of Campbell, supra.

■ This court recognizes plaintiff's predicament. His inability to obtain a preferential classification for Jose results from Congress' decision to distinguish, for immigration purposes, between an illegitimate child's relationships with his mother and father. Whatever the merits of such a distinction,[11] Congress has made it and it has been upheld by the United States Supreme Court in *Fiallo.* The right to establish criteria for the admission of aliens is part of Congress' plenary power to formulate the Nation's immigration laws. The policy determination at issue here, like almost every other one made by Congress in the immigration area, lies beyond this court's scope of review. *Fiallo, supra,* at 788–99, 97 S.Ct. 1473, *see also Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *Galvan v. Press,* 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911 (1954); *Harisiades v. Shaughnessy,* 342 U.S. 580, 596, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

■ The District Director's interpretation of § 203(a)(5) is a logical application of Congress' immigration criteria. It is an interpretation of a statute by the administrative agency charged with the statute's enforcement. In reviewing such an interpretation, this court must grant deference to the agency determination. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1904); *see also Nazareno, supra,* 168 U.S.App.D.C. at 25–26, 512 F.2d at 939–40.

Under this standard, this court finds that the District Director's interpretation of § 203(a)(5) is reasonable and consistent both with related sections in the statute and with the intent of Congress.

Settle judgment within ten days hereof.

---

11. In upholding this distinction, the Supreme Court in *Fiallo* suggested that it is based on Congress' perception of the absence in many cases of close family ties between illegitimate children and their natural fathers and on its concern with the serious problems of proof that often arise in paternity determinations. *See Fiallo, supra,* at 799, 97 S.Ct. 1473.