## MATTER OF CLAHAR

### In Visa Petition Proceedings

### A-22160970

### *Decided by Board March 24, 1981*

(1) To qualify for visa preference status as a brother or sister under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(5), both the petitioner and the beneficiary must once have qualified as the "child" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act.

(2) A child within the scope of the Jamaican Status of Children Act of 1976 is included within the definition of a legitimate or legitimated "child" as set forth in section 101(b)(1) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1), so long as the requisite family ties are established and the status arose within the time requirements of section 101(b)(1). *Matter of Clahar*, 16 I&N Dec. 484 (BIA 1978), modified.

(3) To meet the definitional requirements of a "child" as set forth in section 101(b)(1) of the Act, the person must be under 21 years of age and any legitimation must have taken place before the child reached the age of 18 years.

(4) A brother-sister visa petition involving a petitioner and beneficiary who were both illegitimate at birth in Jamaica was properly denied for failure to satisfy the definitional requirements of section 101(b)(1) where the petitioner was 33 years old and the beneficiary 19 years old when the Jamaican Status of Children Act was enacted.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In *Matter of Clahar*, 16 I&N Dec. 484 (BIA 1978), the Board dismissed an appeal from a decision of the District Director denying a visa petition submitted by the United States citizen petitioner on behalf of the beneficiary as his sister. The Immigration and Naturalization Service moves us to reconsider this decision. The motion to reconsider will be granted and our previous decision will be modified. The petitioner's appeal from the denial of the visa petition, however, will again be dismissed.

The petitioner was born out of wedlock in Jamaica in 1943. The beneficiary was born out of wedlock in Jamaica in 1956. They were born of different mothers, but it is submitted that they are the children of the same father.[1] Neither child was legitimated under the provisions of

_____

[1] As this case was previously resolved on other grounds, the question of the adequacy of

1

the "Legitimation Act of Jamaica".[2] The petitioner, however, submitted that the distinction between legitimate and illegitimate children in Jamaica had in effect been eliminated by the Jamaican Status of Children Act of 1976 and that the visa petition should accordingly be granted.

In our 1978 decision, we rejected the contention that the Jamaican Status of Children Act had sufficiently eliminated the distinctions in rights and status between children born in and out of wedlock to support a finding that children born out of wedlock could be deemed "legitimate" or "legitimated" within the meaning of section 101(b)(1) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1). The petitioner's appeal was dismissed for that reason.

Subsequent to our decision, the Jamaican Minister of Justice provided a memorandum to the United States Consul General in Jamaica regarding the relationship between the Jamaican Status of Children Act and that country's Legitimation Act. It was stated that under the Status of Children Act all children are now accorded equal treatment under the laws of Jamaica subject only to specific and limited provisions which are either transitional in nature or which ensure that children born out of wedlock "are not prejudiced by the difficulty in identifying their natural fathers. . . ."[3] The memorandum further indicates that the minor statutory distinctions that exist result from a legislative attempt to minimize the problems associated with determining rights and status in an area where difficulties may arise in identifying the natural father of a child rather than from any intent to treat children born out of wedlock less favorably than those born in wedlock.

The memorandum prepared by the Jamaican Justice Ministry was ultimately submitted to the Immigration and Naturalization Service. The Service requested comments on the memorandum from the American-British Law Division of the Library of Congress. On receipt of a response from the Library of Congress, the Service filed the present motion in which the Service's Deputy General Counsel concurs in the Jamaican Minister's assessment that under the Jamaican Status of Children Act "the legal duties and obligations of a father towards a child born out of wedlock are in all significant respects the same as those of a child born in wedlock." The Service urges the Board to reconsider our 1978 decision and to find that children born out of wedlock, who are covered by the Status of Children Act, may qualify as legitimate or

---

proof that the parties had a common natural father was not addressed. The present record, however, is insufficient to adequately establish this familial relationship.

[2] See Legitimation Act of Jamaica, II Jamaica Laws, c. 217 (rev. ed. 1953), as amended by the 1961 Jamaica Laws, No. 18.

[3] For example, domicile and citizenship rights are tied to the child's mother where the child is born out of wedlock in order to provide the child a "measure of certainty." The tie to the mother ensures that the child will have a readily identifiable domicile and citizenship.

legitimated children under section 101(b)(1) of the Immigration and Nationality Act.

In view of the detailed assessment of the effect of the Jamaican Status of Children Act of 1976 provided by the Justice Minister of Jamaica and the Service's support of his conclusions, we will modify our 1978 decision in this case. We now hold that a child within the scope of the Jamaican Status of Children Act may be included within the definition of a legitimate or legitimated "child" set forth in section 101(b)(1) of the Immigration and Nationality Act so long as the familial tie or ties are established by the requisite degree of proof and the status arose within the time requirements set forth in section 101(b)(1).

. The present case involves a brother-sister petition. In order to establish visa preference eligibility it must be demonstrated that both parties once qualified as the "child" of a common "parent" with the meaning of sections 101(b)(1) and (2) of the Act. *See Matter of Kong*, 17 I&N Dec. 151 (BIA 1979); *Matter of Garner*, 15 I&N Dec. 215 (BIA 1975); *Matter of Kim*, 14 I&N Dec. 561 (BIA 1974). *See also Nazareno v. Attorney General*, 512. F.2d 936 (D.C. Cir. 1975), *cert. denied*, 423 U.S. 832 (1975); *Beltre v. Kiley*, 470 F.Supp. 87 (S.D.N.Y. 1979). In order to meet the definitional requirements of a "child" contained in section 101(b)(1), the status must arise before the individual reaches the age of 21 years. Moreover, any "legitimation" must occur before the "child" reaches the age of 18 years. *See Matter of Cortez*, 16 I&N Dec. 289 (BIA 1977). In the present case, the petitioner was already 33 years old and the beneficiary 19 years old when the Jamaican Status of Children Act was enacted. Accordingly, neither qualified as the "child" of their natural father within the meaning of section 101(b)(1). Therefore, the required sibling relationship has not been established within the meaning of the Act even if it is assumed that the familial tie of a common natural parent was adequately proven. Thus, although we modify our decision regarding the effect of the Jamaican Status of Children Act of 1976, the petitioner's appeal in this case must again be dismissed.

ORDER: The motion to reconsider is granted.

FURTHER ORDER: Our decision of April 7, 1978, is modified as provided in the foregoing decision.

FURTHER ORDER: The appeal is again dismissed.

3