**Vanver Vaughn BLAKE, Petitioner,**

v.

**Peter D. KEISLER,[1] Attorney General, Respondent.**

No. 03–40703–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

Justin Conlon, Law Offices of Michael Boyle, North Haven, CT, for Petitioner.

Shane Cargo, Assistant United States Attorney (Elizabeth Wolstein, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.[2]

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

## SUMMARY ORDER

Petitioner Vanver Vaughn Blake petitions for review of a BIA order affirming the November 7, 2002 decision of Immigration Judge ("IJ") Michael W. Straus ordering Blake's removal to Jamaica. *See In re Vanver Vaughn Blake,* No. A 37 770 767 (B.I.A. Sept. 9, 2003), *aff'g* No. A 37 770 767 (Immig. Ct. Hartford Nov. 7, 2002). Blake asserts that the agency erred in concluding that he failed to establish United States citizenship derived from his mother's naturalization in 1991. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Blake's derivative citizenship claim depends on that part of 8 U.S.C. § 1432(a) (repealed 2000) [3] that affords children born outside the United States to alien parents automatic citizenship upon

> the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; ... if ... [s]uch naturalization takes place while such child is under the age of eighteen years; and ... [s]uch child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent ... or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a)(3)–(5). There is no dispute that Blake was born out of wedlock to Maxine Letteman and Barrington Blake in Jamaica on September 25, 1976. Nor is there any question that his mother was naturalized as a United States citizen when Blake was under eighteen and residing in this country as a lawful permanent resident. The sole question presented by this petition is whether the agency erred in concluding that Blake's paternity had been established by legitimation under Jamaican law. We review this legal conclusion *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Jamaica's Status of Children Act ("SCA") eliminates legal distinctions between children born in and out of wedlock by providing that, subject to specified exceptions, "for all the purposes of the law of Jamaica the relationship between every person and his father and mother shall be determined irrespective of whether the father and mother are or have been married to each other." SCA § 3(1). In setting forth evidentiary requirements for establishing paternity, Section 8(1) of the SCA states that "[i]f ... the name of the father of the child to whom the entry relates has been entered in the register of births ..., a certified copy of the entry made ... shall be *prima facie* evidence that the person named as the father is the father of the child." It is undisputed that Barrington Blake signed petitioner's Jamaican birth certificate as his father. Petitioner nevertheless insists that this action did not establish his paternity "by legitimation." He submits that legitimation could be achieved only upon the marriage of his parents, as provided in Section 2 of Jamaica's Legitimation Act, legislation that preceded the enactment of the SCA.

This argument is foreclosed by *Lewis v. Gonzales,* 481 F.3d 125, 131 (2d Cir.2007), wherein this court recently observed that a Jamaican national whose father registered his name on the child's birth certificate

---

3. Former § 1432(a) governs this petition because its repeal by the Child Citizenship Act of 2000, Pub.L. No. 106–395, 114 Stat. 1631 (2000) (codified in scattered sections of 8 and 18 U.S.C.), does not apply retroactively. *See Drakes v. Ashcroft,* 323 F.3d 189, 191 (2d Cir.2003).

**840**

"was legitimated" under Jamaican law. The Seventh Circuit reached the same conclusion in *Wedderburn v. INS,* 215 F.3d 795, 797, 802 (7th Cir.2000), as has the BIA, *see Matter of Pagan,* 22 I. & N. Dec. 547, 549 n. 1 (BIA 1999); *Matter of Clahar,* 18 I. & N. Dec. 1, 3 (BIA 1981). Petitioner points us to no contrary interpretation of Jamaican law. To the extent he cites us to *Gorsira v. Loy,* 357 F.Supp.2d 453 (D.Conn.2005), and *Matter of Rowe,* 23 I. & N. Dec. 962 (BIA 2006), these cases involved Guyanese law, which, while similar to that of Jamaica in attempting to eliminate discrimination against illegitimate children, is distinguishable in important respects relating to legitimation, *see Gorsira v. Loy,* 357 F.Supp.2d at 495–96 (quoting a Law Library of Congress report on "Legitimation in Guyana" that notes the distinction).

Accordingly, because Blake was legitimated under Jamaican law by his father's registration of his name on his son's birth certificate, *see Lewis v. Gonzales,* 481 F.3d at 131, we can identify no legal error in the agency conclusion that Blake did not qualify for automatic citizenship pursuant to 8 U.S.C. § 1432(a)(3)–(5).

The petition for review of the BIA's September 9, 2003 order of removal is hereby DENIED.